NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 21, 2009[*]
Decided May 28, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2853

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 05 CR 1004 |
| ANTHONY PHILLIPS, | |
|     *Defendant-Appellant.* | James B. Zagel, |
| | *Judge.* |

**O R D E R**

Anthony Phillips suggests several unpersuasive reasons why we should vacate his conviction for mail fraud, 18 U.S.C. § 1341, and money laundering, 18 U.S.C. § 1957.  He insists, for instance, that district courts lack subject-matter jurisdiction over all crimes not committed on federal property.  But district courts in fact have exclusive subject-matter jurisdiction over "all offenses against the laws of the United States."  18 U.S.C. § 3231;

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

*United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005).  Phillips also contends that the district court lacked personal jurisdiction over him because he is "a natural man, a Sovereign state born citizen, a private human being."  This argument is frivolous: a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law.  *See, e.g., United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003); *see also United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) (explaining that defendant's presence in the territory of the United States supplies personal jurisdiction).  His remaining claims are too frivolous to warrant further discussion.

AFFIRMED.